UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ETHAN ALLEN GLOBAL, INC.

    Plaintiff,

v.

PEOPLES AMERICANA, INC.,
JJ PEOPLES, VAN DEWALD, and
HERSCHEL D. PRUITT

    Defendants.

Case No. 07 CIV 7389 (JES)

AUGUST 20, 2007

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION
FOR EMERGENCY EX PARTE TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

I.     **INTRODUCTION**

Defendants Peoples Americana, Inc. ("Peoples"), JJ Peoples ("JJ"), Van DeWald (DeWald) and Herschel D. Pruitt ("Pruitt") (collectively, "Defendants") are holding a "Furniture & Rug Auction" in the Ethan Allen name, without any approval or authorization from plaintiff Ethan Allen Global, Inc. ("Ethan Allen"), the sole owner of the ETHAN ALLEN trademarks and associated rights. The auction was advertised in the *New York Times* on Friday, August 17 and Saturday, August 18, using the Ethan Allen brand name in large and prominent type. *See* Compl., Ex. B; Affidavit of Jack DeKorne ("DeKorne Aff."), ¶¶ 18-20. Despite receiving a cease and desist letter from Plaintiff, *see* Compl., Ex. C, Defendants conducted the auction as advertised over the weekend.

The advertisements and the auction itself are blatant and egregious violations of the ETHAN ALLEN trademarks and associated rights. Defendants are intentionally and fraudulently trading on the goodwill and reputation of the ETHAN ALLEN trademarks and

brand name, in order to bring customers into a "Furniture & Rug Auction" that is neither approved by nor affiliated with Plaintiff Ethan Allen. The ETHAN ALLEN trademarks and brand name are prominently displayed on the signage on the exterior of the building where the auction is being held, and on several sandwich boards advertising the auction on the sidewalk. *See* DeKorne Aff., Exs. D & E. Inside the auction, Defendants are offering for sale, under the ETHAN ALLEN trademarks and brand name, furnishings that are not Ethan Allen products and/or are of inferior quality. Defendants' actions are highly likely to cause consumer confusion as to the affiliation and sponsorship of this auction and the origin of the products being offered for sale. That likelihood of consumer confusion "establishes both a likelihood of success on the merits and irreparable harm." *Louis Vuitton Malletier v. Burlington Coat Factory Warehouse*, 426 F.3d 532, 537 (2d Cir. 2005) (reversing district court's denial of preliminary injunction where plaintiff amply demonstrated the likelihood of consumer confusion in a trademark case).

Plaintiff's counsel has made good faith efforts to inform Defendants of this emergency motion. On Friday August 17, plaintiff's counsel faxed and emailed a cease and desist letter to defendants, as well as counsel known to represent DeWald, stating that plaintiff would take legal action if the auction proceeded as advertised. *See* Compl., Ex. C; Affirmation of Erika L. Amarante ("Amarante Aff."), ¶ 4 & Ex. A. Defendants did not respond, and proceeded with the auction over the weekend. *Id.*, ¶ 4; DeKorne Aff., ¶¶ 21-23. On Sunday, August 19, plaintiff's counsel emailed Defendants courtesy copies of these emergency injunctive papers. Amarante Aff., ¶ 5 & Ex. B. Further delay to provide additional notice to Defendants is unwarranted where Plaintiff will suffer irreparable injury from the continuation of the unauthorized auction (scheduled to happen again today and tomorrow at 1:00 p.m.).

Accordingly, for the reasons stated herein and based on the facts in the Verified Complaint with attachments, the Affidavit of Jack DeKorne with attachments, and the Affirmation of Erika L. Amarante, the Plaintiff respectfully requests that the Court grant its motion for an emergency ex parte temporary restraining order and order to show cause for a preliminary injunction.

## II.   FACTUAL BACKGROUND

The factual background for this Motion is set forth in the Verified Complaint, the Affidavit of Jack DeKorne and the Affirmation of Erika L. Amarante.

## III.   ARGUMENT

### A.   An Emergency *Ex Parte* Temporary Restraining Order is Necessary to Prevent Further Irreparable Injury, Loss, or Damage Resulting from Defendants' Unlawful Conduct.

This Court may grant a temporary restraining order *ex parte* upon a showing that "(1) it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. Proc. 65(b).

If those standards for *ex parte* relief are satisfied, then a temporary restraining order may issue under the same test used for preliminary injunctions. *See, e.g., McGraw-Hill Cos., Inc. v. Ingenium Techs. Corp.*, 364 F. Supp. 2d 352, 355 (S.D.N.Y. 2005). To obtain a preliminary injunction, a plaintiff must establish: "(1) the likelihood of irreparable harm in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of

hardships tipping decisively toward the party requesting the preliminary relief." *Louis Vuitton Malletier v. Burlington Coat Factory Warehouse*, 426 F.3d 532, 537 (2d Cir. 2005); *see also Virgin Enterprises Ltd. v. Nawab*, 335 F.3d 141, 145 (2d Cir. 2003); *McGraw-Hill*, 364 F. Supp. 2d at 355.

### 1. Plaintiff Has Shown That Immediate and Irreparable Injury, Loss, or Damage Will Result Absent an Immediate Temporary Restraining Order.

As set forth in the accompanying sworn statements and verified complaint, Plaintiff Ethan Allen has suffered and will continue to suffer irreparable injury, loss and damage if the unauthorized "Furniture & Rug Auction" is permitted to continue. Defendants are intentionally and fraudulently trading on the goodwill and reputation of the ETHAN ALLEN trademarks and brand name, advertising the auction as affiliated with Ethan Allen in order to get customers in the door. *See, e.g.,* Compl., Ex. B; DeKorne Aff., Ex. E. Many of the products being offered for sale are not Ethan Allen products, and are in fact of inferior quality. During the auction, defendant Pruitt is not identifying which products are Ethan Allen products and which items are not. DeKorne Aff., ¶ 23. There is a very high likelihood that consumers attending the auction are confused about the auction's affiliation with Ethan Allen and/or the source of the items being purchased. Indeed, Defendants likely intended that very result when they advertised this auction with only the Ethan Allen brand name.

The Second Circuit has stated that, "[i]n trademark disputes, a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm." *Burlington Coat Factory Warehouse Corp.*, 426 F.3d at 537 (citing *Hasbro, Inc. v. Lanard Toys, Ltd.*, 858 F.2d 70, 73 (2d Cir. 1988)); *see also Yurman Design Inc. v. Diamonds and Time*, 169 F. Supp. 2d 181, 185 (S.D.N.Y. 2001). "When a plaintiff has shown a 'high probability of confusion,' there is usually a presumption of irreparable harm." *Tough Traveler, Ltd. v.*

*Outbound Prods.*, 60 F.3d 964, 967 (2d Cir. 1995). There are several reasons for that presumption of irreparable harm:

> [W]hile an injured plaintiff would be entitled to recover the profits on the infringing items, this is often difficult to determine; moreover, a defendant may have failed to earn profits because of the poor quality of its product or its own inefficiency. Indeed, confusion may cause purchasers to refrain from buying either product and to turn to those of competitors. Yet to prove the loss of sales due to infringement is also notoriously difficult. Furthermore, if an infringer's product is of poor quality, or simply not worth the price, a more lasting but not readily measurable injury may be inflicted on the plaintiff's reputation in the market.

*Id.* at 967-68 (citing *Omega Importing Corp. v. Petri-Kine Camera Co.*, 451 F.2d 1190, 1195 (2d Cir. 1971)).

For those same reasons, Plaintiff Ethan Allen has established a likelihood of irreparable injury. Defendants' wrongful actions have created a high probability of customer confusion. Defendants advertised their "Furniture & Rug Auction" under the Ethan Allen name, wrongly stating that "Ethan Allen of New York City has CLOSED ITS DOORS," and that the auction is "to be held at the former location of ETHAN ALLEN" (with ETHAN ALLEN in large type). *See* Compl., Ex. B. During the auction so far, the Ethan Allen trademarks and brand name have been prominently displayed, and furniture, rugs and other household items with no affiliation to Ethan Allen whatsoever (and of inferior quality and design) were offered for sale under the ETHAN ALLEN trademark and brand. *See* DeKorne Aff., ¶¶ 21-26. Customers purchasing furniture and other items at the auction likely believed that they were purchasing Ethan Allen merchandise and/or that the auction was affiliated with Ethan Allen. It would be difficult, if not impossible, to quantify the lost sales and harm to Ethan Allen's reputation that has been caused by Defendants' wrongful acts in advertising and conducting this unauthorized and fraudulent auction.

In *Yurman Design Inc.,* 169 F. Supp. 2d at 185-186, this Court (Jones, J.) granted a preliminary injunction after concluding that false advertising similar to Defendants' New York Times advertisement was confusing and established the likelihood of irreparable harm. There, defendant ran advertisements in the Houston Press using plaintiff's trademark and brand name in the unauthorized sale of plaintiff's signature jewelry. The court concluded that the advertising was likely to cause confusion, especially where "the mark being used is Plaintiff's own mark and it is clear [defendant] intentionally used the mark for its own gain." *Id.* at 186.

Similarly, Defendants are using the ETHAN ALLEN trademarks and brand name in the unauthorized sale of both Ethan Allen and non-Ethan Allen merchandise. Consumers attending the auction are likely to be highly confused, and Ethan Allen is suffering irreparable harm to its brand, reputation and goodwill as a result of Defendant's wrongful actions.

### 2. Plaintiff Notified Defendants of Their Wrongful Conduct, Attempted to Serve Defendants with this Motion, and Further Notice is Not Required.

On August 17, 2007, Plaintiff, through its counsel, requested that the Defendants cease and desist from holding the illegally and fraudulently advertised auction. *See* Compl., Ex. C; Amarante Aff., ¶ 4 & Ex. A. Plaintiff did not receive any response. Amarante Aff., ¶ 4. On August 19, 2007, plaintiff's counsel emailed Defendants and their counsel copies of the Verified Complaint with attachments, Affidavit of Jack DeKorne with attachments and Plaintiff's Motion for Emergency Ex Parte Temporary Restraining Order and Order to Show Cause for Preliminary Injunction. *Id.,* ¶ 5 & Ex. B.

Plaintiff has attempted in good faith to notify Defendants on this action and the pending motion for a temporary restraining order. Requiring additional notice will cause significant delay and add to Plaintiff's irreparable harm. Defendants' "Furniture & Rug Auction" is scheduled to continue today and tomorrow at 1:00 p.m. On these facts, plaintiff has established

6

its need for the *ex parte* temporary restraining order requested, and further delay will only add to its irreparable injury.

### 3. Plaintiff is Likely To Succeed On the Merits of its Lanham Act Claims.

Plaintiff's Verified Complaint asserts three claims under the Lanham Act: (1) trademark infringement under 15 U.S.C. § 1114(1); (2) false designation of origin under 15 U.S.C. § 1125(a); and trademark dilution under 15 U.S.C. § 1125(c). Plaintiff is likely to succeed on the merits of these claims.

Trademark infringement claims are analyzed under the two-prong test described in *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072 (2d Cir. 1993); *see Time, Inc. v. Petersen Publ'g Co., L.L.C.*, 173 F.3d 113, 117 (2d Cir. 1999) (noting that *Gruner* test applies to claims brought under both sections 1114(1) and 1125(a)). The *Gruner* test "looks first to whether the plaintiff's mark is entitled to protection, and second to whether defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." *Gruner*, 991 F.2d at 1074. *See also Virgin Enters.*, 335 F.3d at 146 (stating test).

As the Verified Complaint illustrates, Plaintiff is the owner of more than 40 registered trademarks that incorporate or are related to the Ethan Allen name. *See* Compl., ¶¶ 10-11. Plaintiff has used the Ethan Allen name and its registered trademarks continually in interstate commerce for more than 50 years. *Id.*, ¶ 12. The ETHAN ALLEN Marks are clearly distinctive and entitled to protection. *See, e.g., Yurman Design, Inc.*, 169 F. Supp. 2d at 185 ("without question" that registered trademark is entitled to protection).

Whether Defendants' use of the mark is likely to cause consumer confusion is generally evaluated under the eight-factor test that Judge Friendly enunciated in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir.), *cert. denied*, 368 U.S. 820 (1961). *See also*

*Virgin Enters.*, 335 F.3d at 146 (*Polaroid* "outlined a series of nonexclusive factors likely to be pertinent in addressing the issue of likelihood of confusion").[1] Applying these factors, courts have recognized that there is a likelihood of confusion where, as here, a defendant is intentionally and for its own gain using the plaintiff's "very own mark" in the sale of the very same type of merchandise. *See, e.g., Yurman Design, Inc.*, 169 F. Supp. 2d at 186.

That logic applies equally here. The ETHAN ALLEN Marks are strong and distinctive, and are widely recognized as relating to the Plaintiff's signature high-quality home furnishings, rugs and other products; Defendants are using the identical ETHAN ALLEN mark in advertising and conducting a "Furniture & Rug Auction" without Plaintiff's approval or consent; and Defendants actions were taken knowingly and in a bad faith attempt to trade on the Ethan Allen brand name to get customers in the door for their illegal auction. Applying the *Polaroid* factors here leads to the inescapable conclusion that there is a high likelihood of consumer confusion, and Plaintiff has established a strong likelihood of success on the merits of its trademark claims.

Even if this Court does not find that Plaintiff is likely to succeed on the merits, Plaintiff is still entitled to the relief requested because it has demonstrated, at a minimum, that there are sufficiently serious questions going to the merits of its trademark infringement claims to make it a fair ground for litigation, and the balance of the hardships tips decisively in the Plaintiff's favor. *See, e.g., Burlington Cost Factory*, 426 F.3d at 537 (stating alternative test). Defendants are intentionally and in bad faith trading on and appropriating the ETHAN ALLEN trademarks and brand name for their own personal gain. Plaintiff is the sole owner of the ETHAN ALLEN

---

[1] The eight *Polaroid* factors are: the strength of the plaintiff's mark; the similarity of the products sold under the defendants' mark to those sold under the plaintiff's; where the products are different, the likelihood that plaintiff will bridge the gap by selling the products being sold by defendants; the existence of actual confusion among consumers; the sophistication of consumers; defendants' good faith or bad faith and the quality of defendants' products." *See Virgin Enters.*, 335 F.3d at 146-47.

trademarks and associated rights, and is entitled to protect those rights from Defendants' blatant, egregious and bad faith misuse.

### B. Plaintiff is Also Entitled to a Preliminary Injunction to Protect its Federal Trademark Rights.

For all of the foregoing reasons, Plaintiff is also entitled to a preliminary injunction prohibiting the Defendants' continued violation of the ETHAN ALLEN trademarks and brand name. Accordingly, Plaintiff also asks, at a minimum, that the Court enter an order to show cause for a preliminary injunction hearing in the form accompanying Plaintiff's Motion. However, because Defendants' illegal "Furniture & Rug Auction" is scheduled to end tomorrow (Tuesday, August 21), a preliminary injunction hearing scheduled in due course cannot provide the Plaintiff with full relief for the irreparable and immeasurable harm it is suffering at Defendants' hands. Accordingly, Plaintiff respectfully asks the Court to enter both the emergency temporary restraining order and the order to show cause for a preliminary injunction hearing in the forms provided.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully seeks the entry of a temporary restraining order and order to show cause for preliminary injunction.

Respectfully submitted,

**PLAINTIFF
ETHAN ALLEN GLOBAL, INC.**

By: _____
Scott D. Corrigan (SC 5545)
WIGGIN AND DANA LLP
450 Lexington Avenue
New York, NY 10017
(212) 490-1700
(212) 490-0536 fax
scorrigan@wiggin.com

Its Attorneys

Of Counsel:

Erika L. Amarante
Admitted in Connecticut
*Pro hac vice* motion to be filed
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508
(203) 498-4493
Fax: (203) 782-2889
eamarante@wiggin.com